**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail: murban@theurbanlawfirm.com
　　　　　　　　 nring@theurbanlawfirm.com
*Counsel for Plaintiffs Laborers Joint Trust Funds*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; THE BOARD OF TRUSTEES OF SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> BENCHMARK CONTRACTING, INC. d/b/a COBBLESTONE CONSTRUCTION, a Domestic Corporation, <br><br> Defendant. | CASE NO: <br><br><br> **COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF ERISA** <br><br> **[29 U.S.C. § 185(a) and § 1132(e)]** |

Plaintiffs, jointly and severally, complain and allege as follows:

### JURISDICTION AND VENUE

1.　　This Court has jurisdiction over this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2.  This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3.  Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. §185(a), in that this is the district in which the Trusts (defined below) are administered, the signatory union maintains its offices, and where the relevant acts took place.

4.  To the extent this Complaint sets forth any claims based upon state law, this Court holds supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

## PARTIES

5.  Plaintiffs are THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; THE BOARD OF TRUSTEES OF SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST (collectively hereinafter "Trusts" or "Plaintiffs").

6.  Plaintiffs as trustees of the Trusts are "fiduciar[ies]" with respect to the Trusts as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) (2011).

7.  At all times material to this Complaint, Defendant BENCHMARK CONTRACTING, INC. d/b/a COBBLESTONE CONSTRUCTION (hereinafter "COBBLESTONE"), has been a domestic corporation existing by virtue of the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CLAIM FOR RELIEF
### Breach of Written Collective Bargaining
### Agreements and Related Trust Agreements – Cobblestone

8.      Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 7, inclusive, as though fully set forth herein.

9.      On May 1, 2014, COBBLESTONE executed a Letter of Assent ("LOA") to be bound to the Project Labor Agreement ("PLA") for The Nevada National Security Site ("NNSS") between National Security Technologies LLC ("NSTEC") and The Southern Nevada Building and Construction Trades Council and Other Signatory Unions.  The time period of the PLA is October 1, 2012 through September 30, 2017. Pursuant to the PLA, the Laborers International Union of North America, Local 872 ("Local 872") is a recognized union party.

10.      Therefore, for work under the PLA, COBBLESTONE was bound to the terms of a collective bargaining agreement ("CBA") with Local 872. The CBA incorporates by reference the Trust Agreements establishing the Trusts.

11.      COBBLESTONE is believed to be an employer whose employees performed work covered under the CBA between COBBLESTONE and Local 872 or it subcontracted work covered by that CBA to another entity.

12.      For purposes of the PLA, COBBLESTONE was obligated to the terms and provisions of the CBA and incorporated Trust Agreements.

13.      COBBLESTONE is an "employer," as that term is defined in the CBA and related Trust Agreements.

14.      COBBLESTONE is an "employer" as defined and used in Section 3(5) of ERISA, 29 U.S.C. §1002(5), and, therefore, Defendant COBBLESTONE is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. §1145.  Plaintiffs are informed and believe, and thereon allege, that Defendant COBBLESTONE is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Section 501(1) and Section 501(3) of the LMRA, 29 U.S.C. §§ 142(1) and 142(3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. §185(a).

15.     By the terms and provisions of the PLA, Trust Agreements, PLA, and at all times material herein, Defendant COBBLESTONE was obligated to the following:

15.1    Defendant COBBLESTONE was obligated to prepare and submit true, complete and accurate written monthly contribution reports to the Trusts on a timely basis showing i) the identities of employees performing work covered by the CBA, ii) the number of hours worked by or paid to these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to its employees. These monthly contribution reports are due on the 10th day of each successive month;

15.2    Defendant COBBLESTONE was required to maintain adequate records of work performed by and amounts paid to its employees. COBBLESTONE was obligated to permit the Trusts and their agents to conduct audits of COBBLESTONE's payroll and related records in order to determine whether or not fringe benefit contributions were properly paid pursuant to the CBA and Trust Agreements;

16.     On or about September 7, 2018, the Trusts made an audit demand for payroll and related records of COBBLESTONE from May 1, 2014 to September 7, 2018 for the PLA.

17.     Since September 7, 2018, COBBLESTONE has refused to provide any of the requested payroll records.  COBBLESTONE only responded to state it was not allowed to perform work and did not "self-perform" work under the PLA.

18.     Self-perform is a term used by contractors to signify that they subcontracted with another entity to provide services.

19.     Due to COBBLESTONE's refusal to permit an audit, the exact amount of contributions and/or contract damages due and owing have not been ascertained at this time.  These amounts, if any exist, will be established by proof at trial herein or through dispositive motion

following completion of an audit. COBBLESTONE's refusal to produce all requested documents is a breach of the CBA and Trust Agreements.

20.     Pursuant to the terms of the CBA, PLA, and Trust Agreements, COBBLESTONE also promised that, in the event of any delinquency, it would pay any legal and auditing costs in connection with such delinquency, whether incurred before or after litigation commenced.

21.     It has been necessary for the Trusts to engage The Urban Law Firm for the purpose of obtaining the payroll and related records of COBBLESTONE or its subcontractors to complete the audit, collect any and all amounts due, and to otherwise enforce the terms of the CBA, PLA, and Trust Agreements.

22.     Pursuant to the CBA, PLA, Trust Agreements, and 29 U.S.C. §1132(g)(2), the Trusts are entitled to an award of their reasonable attorney's fees incurred to enforce the same, even if no delinquency is discovered by the audit.

23.     Pursuant to 29 U.S.C. §1132(g)(2), COBBLESTONE owes to the Trusts interest, at the contractual rate, on any and all unpaid contributions and liquidated damages from the dates the sums were originally due to the Trusts through the date of judgment.

**WHEREFORE**, the Trusts pray for judgment against COBBLESTONE, as follows:

1.     For an order compelling COBBLESTONE to submit to and cooperate with the audit of their books, documents, and other things by the Trusts duly appointed representative;

2.     For unpaid fringe benefit contributions if any, in amounts as proven;

3.     For damages for breach of contract in amounts if any, as proven;

4.     For liquidated damages in amounts if any, as proven;

5.     For audit expenses if any, in amounts as proven;

6.     For interest at the agreed upon contractual rate on all fringe benefit contributions and/or damages if any, until paid in full;

7.     For the Trusts' reasonable attorney's fees;

8.     For the Trusts' costs of suit incurred herein; and

9.     For such additional relief as this Court deems just and proper.

1

2    Dated: March 22, 2019          **THE URBAN LAW FIRM**

3

4                                 MICHAEL A. URBAN, Nevada Bar No. 3875
                                NATHAN R. RING, Nevada State Bar No. 12078

5                                 4270 S. Decatur Blvd., Suite A-9
                                Las Vegas, Nevada 89103

6                                 Telephone: (702) 968-8087
                                Facsimile: (702) 968-8088

7                                 Electronic Mail:  murban@theurbanlawfirm.com
                                                   nring@theurbanlawfirm.com

8                                 ***Counsel for Plaintiffs Laborers Joint Trust Fund***

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28